IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TED J. JOHNSON, et al.,

    Plaintiff,

v.                                Civil Action No. 2:04-1311

FORD MOTOR COMPANY, a foreign
corporation, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant Gulf Stream Coach, Inc.'s ("Gulf Stream's") motion to dismiss or transfer (Docket No. 10), plaintiffs Ted J. Johnson's and Carolyn J. Nelson's (collectively, "plaintiffs'") motion to strike defendant's reply memorandum, or, alternatively, motion for leave to file surreply (Docket No. 17), and defendant Gulf Stream's motion to strike plaintiffs' surreply (Docket No. 18).

Having reviewed the record and the parties' various motions, for the reasons outlined below, the court hereby orders that: (1) defendant's motion to transfer (Docket No. 10) is GRANTED; (2) defendant's motion to dismiss is DENIED AS MOOT; (3) plaintiffs' motion to strike defendant's reply memorandum (Docket No. 17) is DENIED; (4) defendant's motion to strike plaintiffs' surreply (Docket No. 18) is GRANTED. The Clerk is directed to forward the record of this case to the Clerk of Courts for the Northern District of Indiana, South Bend Division.

## I. Factual Background

On April 29, 2004, at a dealership located in Winfield, West Virginia, plaintiffs Ted J. Johnson and Carolyn J. Nelson, West Virginia residents, purchased a new Gulf Stream motor home from Burdette Camping Center, Inc. ("Burdette"), a West Virginia corporation. On May 20, 2004, plaintiffs embarked on their first trip with their new motor home to Florida. While eating breakfast at a restaurant in Naples, Florida, plaintiffs were alerted to the fact that their motor home was on fire. Emergency personnel responded and the fire was extinguished.

The motor home sustained significant damage to the engine compartment, windshield, and dashboard. The interior of the motor home, including many of plaintiffs' possessions, sustained substantial smoke damage. Although the cause of the fire is in dispute, plaintiffs assert that it appears that the fire began in the engine compartment of the vehicle, suggesting a manufacturing defect.

In its motion to dismiss or transfer, defendant Gulf Stream moves pursuant to 28 U.S.C. § 1406(a), and Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for an order dismissing plaintiffs' complaint against Gulf Stream, or, in the alternative, for the court to order the transfer of this matter to the Northern District Of Indiana pursuant to 28 U.S.C. §

1404(a). In support of this motion, defendants assert that at the time of the purchase of the motor home, plaintiffs entered into a limited warranty agreement with Gulf Stream that contained a choice of forum and choice of law clause. The clause provides as follows:

> 6. JURISDICTION AND APPLICABLE LAW
>
> Exclusive jurisdiction for deciding any claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations of any nature shall be in the courts of the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration, or any claim whatsoever arising, from the sale, purchase, or use of the recreational vehicle shall be those in the State of Manufacture.

(Def.'s Motion to Dismiss, Exh. B, ¶ 6.)

Defendant asserts that Gulf Stream is an Indiana corporation with its principal place of business in Nappannee, Indiana. (Id., Exh. A.) Because the motor vehicle in question was manufactured in Indiana, pursuant to the clear and unambiguous language of the forum selection clause, plaintiffs' Complaint against Gulf Stream must either be dismissed or transferred to the Northern District of Indiana, South Bend Division. (Id., ¶¶ 10-11.)

In their response to Gulf Stream's motion, plaintiffs respond that the forum selection and choice of law clause "is unconscionable, prohibited by clear West Virginia law, and otherwise unenforceable." (Pls.' Resp. at 2.) Plaintiffs assert

-3-

that the clause at issue "was buried in a Limited Warranty Agreement signed by Plaintiffs, along with a large stack of other transaction documents, at the time of purchase." (Id.) Plaintiffs contend that even if a valid agreement exists, the court must determine whether, under state law, grounds exist to justify revocation or cancellation. (Id.) Under West Virginia law, plaintiffs contend that the forum selection clause at issue is not a valid agreement and, even if it was, plaintiffs have sufficient grounds to justify cancellation.[1]

## II.  Standard of Review

In Stewart Organization, Inc. v. Ricoh Corp., the Supreme Court instructed that 28 U.S.C. § 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" 487 U.S. 22, 29 (1988). "[A] motion to transfer under § 1404(a) thus calls on

---

[1] In a reply, Gulf Stream fleshes out its argument as did plaintiffs in a surreply included with their motion to strike. Pursuant to Local Rule of Civil Procedure 4.01(c), Gulf Stream had seven days from the date of service, February 22, 2005, to file a reply with the court, even if they may have had longer to serve plaintiffs. Plaintiffs moved to strike Gulf Stream's reply as untimely. This motion is denied because the reply was filed within the period prescribed by the rule. Plaintiffs also filed a surreply without providing the court any explanation as to why they should be permitted to do so. Gulf Stream has moved to strike this surreply. Gulf Stream's motion to strike is granted because plaintiff's surreply is not permitted by either the Federal or Local Rules of Civil Procedure.

the district court to weigh in the balance a number of case-specific factors.  The presence of a forum selection clause . . . will be a significant factor."  <u>Id.</u>

Even when faced with a valid forum selection clause, a court adjudicating a motion to change venue under 28 U.S.C. § 1404(a) must consider other factors, such as the convenience of the parties and their witnesses, systemic integrity, and fairness, and must render a balance among these considerations.  <u>Brock v. Entre Computer Centers, Inc.</u>, 933 F.2d 1253, 1257-58 (4th Cir. 1991) (applying <u>Stewart</u>, 487 U.S. at 29).  The court must give the forum selection clause "neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress [has] provided in 1404(a)."  <u>Id.</u> at 1258 (quoting <u>Stewart</u>, 487 U.S. at 31).

### III. The Validity of the Forum Selection Clause Contained in Paragraph 6 of the Limited Warranty Agreement

Plaintiffs' first argument is that the forum selection clause contained in the agreement is invalid under West Virginia law because the contract is one of adhesion.  Contracts of adhesion are those in which a boilerplate language was thrust by a seller upon an unsophisticated buyer who had little understanding of its terms.  There are no disputes in this case that plaintiffs' signatures appear on the document containing the provisions at issue here, that those provisions were provided by

-5-

defendants, or that plaintiffs accepted those contracts without having say as to what was included in them.  This said, under West Virginia law, contracts of adhesion are not per se illegal. See <u>State ex rel. Dunlap v. Berger</u>, 211 W. Va. 549, 557, 567 S.E.2d 265, 273 (2002).  West Virginia courts acknowledge that boilerplate provisions have a place in modern commerce.  Instead,

> provisions of a contract of adhesion that if applied would impose unreasonably burdensome costs upon or would have a substantial deterrent effect upon a person seeking to enforce and vindicate rights and protections or to obtain statutory or common-law relief and remedies that are afforded by or arise under state law that exists for the benefit of consumers are unconscionable; unless the court determines that exceptional circumstances exist that make the provisions conscionable.  <u>In any challenge to such a provision, the responsibility of showing the costs likely to be imposed by the application of such a provision is upon the party challenging the provision</u>; the issue of whether the costs would impose an unconscionably impermissible burden or deterrent is for the court.

<u>Id.</u>, 211 W. Va. at 566-67, 567 S.E.2d at 282-83 (emphasis added).

In this case, plaintiffs make a number of arguments as to costs that they would bear if the forum selection provision were to be enforced.  First, plaintiffs contend that West Virginia is the proper venue in which to litigate this claim because most of the events giving rise to the claim take place in West Virginia: the sale and signing of the transactional documents took place in West Virginia; all warranty repairs of the vehicle were expected

to be performed in West Virginia; and defendant Burdette Camping Center, Inc. is principally located in West Virginia. Plaintiffs note that all of the defendants have substantial contacts with West Virginia and that West Virginia is the most convenient forum for plaintiffs as well as many of the people who may be called as witnesses in this case.

There is no doubt that West Virginia is the state that has the most significant contacts with this litigation for many issues. Were this dispute about plaintiffs not receiving repairs under warranty or over payment for the vehicle, almost all of the witnesses would be located in West Virginia and the litigation would most cost-effectively be conducted in West Virginia courts. The issue, however, is whether the costs imposed by the forum selection clause are so burdensome that they make litigation regarding plaintiffs' allegations of a manufacturing defect burdensome. West Virginia is a more convenient venue for plaintiffs. However, this issue is not dispositive given the subject matter of this case, i.e. fire damage to their $146,000 motor home. Given the subject matter in question, plaintiffs more than likely could bear the costs of litigating in the Northern District of Indiana.[2]

---

[2] Indeed, plaintiffs have not submitted evidence as to what the costs of litigating in Indiana as would be required under West Virginia law for the provision to be unconscionable. See Dunlap, 211 W. Va. at 567, 567 S.E.2d at 283.

-7-

Plaintiffs' second argument is that they chose West Virginia as the forum for this case in part based on their understanding that West Virginia law would govern this transaction. Plaintiffs contend that because the laws of the state of Indiana differ from the laws of West Virginia, and the differences in the laws of the two states necessarily results in plaintiffs' losing their case, the contractual provision is unfair because Gulf Stream "is doubtless aware that a transfer to Indiana and the application of Indiana law would be a very effective means of discouraging consumers from bringing legitimate claims." (Pl.'s Resp. at 14.) "When they purchased the vehicle, Plaintiffs reasonably expected that West Virginia law would control their claims. However, Gulf stream now attempts to circumvent those laws with an unenforceable clause hidden in the Limited Warranty document." (Id. at 13-14.) Gulf Stream's motivations behind the clause are not now at issue.

Plaintiffs' second argument is necessarily predicated on the confusion of the two different clauses present in the sixth paragraph of the limited warranty agreement signed by plaintiffs. The first provision deals with choice of forum; the second provision deals with choice of law. Choice of forum does not equal choice of law. West Virginia courts can apply Indiana law; Indiana courts can apply West Virginia law. The question of what law should be applied in this litigation is not currently before

-8-

the court.  However, because it is certain that Indiana courts would be aware of West Virginia's enactment of "Lemon Laws" and other legislation favoring consumers as well as the state's significant contacts with this litigation, and also aware that these protections were not offered under Indiana laws, the application of West Virginia law seems a likely choice.  West Virginia courts would likely reach the same decision.  As such, the court rejects plaintiffs' argument that this case cannot be transferred because they prefer West Virginia law.

Given this analysis, the court finds that the forum selection clause at issue here is valid in that it is not unconscionable under West Virginia law.

### IV. Application of 28 U.S.C. § 1404

Even when faced with a valid forum selection clause, a court adjudicating a motion to change venue under 28 U.S.C. § 1404(a) must consider other factors, such as the convenience of the parties and their witnesses, systemic integrity, and fairness, and must render a decision that strikes a balance among these considerations.  Brock v. Entre Computer Ctrs., 933 F.2d 1253, 1257-58 (4th Cir. 1991) (applying Stewart Org. v. Ricoh Corp., 486 U.S. 22, 29, 31 (1988)).  The court must give the forum selection clause "neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress [has] provided in § 1404(a)."  Id. at 1258 (quoting

-9-

Stewart, 487 U.S. at 31). Other factors commonly considered in ruling on a motion to transfer include:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

See Alpha Welding & Fabricating, Inc. v. Heller, 837 F. Supp. 172, 175 (S.D. W. Va. 1993).

These factors, including the forum selection clause, weigh in favor of transfer. The first factor, ease of access to the sources of proof, weighs in favor of transfer to Indiana. As the court noted before, the major question plaintiffs raise is whether there was a manufacturing defect in their vehicle that led to fire when it was parked in Naples, Florida. The vehicle was manufactured in Indiana, not West Virginia. The main issue in this case is not the sale of the vehicle between a West Virginia dealer and West Virginia residents. The major issue is whether a vehicle manufactured in Indiana by an Indiana corporation was defective when sold to West Virginia residents. Most of the evidence necessary to resolve this issue will logically be in Indiana, not West Virginia. As such, the first factor weighs in favor of Indiana as a forum.

The second factor is neutral: although West Virginia is a more convenient forum for plaintiffs, Indiana is a more convenient forum for at least one defendant. On the whole, the third factor, the cost of obtaining the attendance of witnesses, is either neutral or favors Indiana for the reasons outlined relevant to the first factor. Plaintiffs' allegations are of a manufacturing defect. The vehicle was manufactured at a facility in Indiana. Presumably, a larger number of witnesses will come from Indiana than West Virginia. There is no evidence before the court regarding the fourth factor, the availability of compulsory process.

Regarding the fifth factor, the possibility of a view by a jury, in either case, juries in either location would probably view this case similarly. However, this factor may weigh slightly in favor of West Virginia as a forum.

While the sixth and seventh factors would normally also favor West Virginia as a forum, the presence of a forum selection clause in an agreement between the parties makes these factors weigh in favor of Indiana as the forum. While plaintiffs' choice of forum is ordinarily given great weight, see Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508-09 (1947), where plaintiffs have signed a contract waiving this right, their choice is not to be accorded the same deference.

Some of the factors typically considered in considering whether to transfer a case weigh in favor or transfer, and some against. Given this, the court chooses to enforce the choice of forum agreement signed by the parties. Although plaintiffs indicate that causing this case to proceed in Indiana courts would necessarily result in their having to bear additional costs, they have not presented evidence of what those costs would be as they are directed to do under West Virginia law. See Dunlap, 211 W. Va. at 567, 567 S.E.2d at 283. Were this case to proceed in this court, Gulf Stream would certainly have to bear additional costs. Plaintiffs signed a contract containing a clause, legal under West Virginia law, that provides for resolution of this case in courts located in the State of Indiana. The court, following the express will of the parties included in their agreement, will transfer this case there in its entirety.

As such, defendants' motion for transfer under 28 U.S.C. § 1404(a) is GRANTED. Gulf Stream's motion to dismiss under Rule 12(b)(2) and 12(b)(3) is DENIED AS MOOT. The Clerk is directed to send this case to the Clerk of Court for the Northern District of Indiana, South Bend Division.

### V. Conclusion

The Clerk is directed to forward a certified copy of this written opinion and order to all counsel of record and, together

with the file, to the Clerk of the United States District Court for the Northern District of Indiana, South Bend Division.

It is **SO ORDERED** this 26th day of September, 2005.

ENTER:

/s/ OTHER COURT JUDGE

David A. Faber
Chief Judge

A TRUE COPY CERTIFIED ON

SEP 2 6 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia
By /s/ _____ Deputy