3:05CV618

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**TED J. JOHNSON, et al.,**

    **Plaintiff,**

v.                                                Civil Action No. 2:04-1311

**FORD MOTOR COMPANY, a foreign
corporation, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion to reconsider the court's September 26, 2005, Memorandum Opinion and Order transferring this case to the Northern District of Indiana, South Bend Division (Docket No. 41). For the reasons discussed below, the court GRANTS IN PART and DENIES IN PART plaintiffs' motion for reconsideration. Plaintiffs' motion to reconsider the court's Order denying plaintiffs' request to file a surreply is DENIED. Plaintiffs' motion to reconsider the court's Order transferring this case to the Northern District of Indiana, South Bend Division, is GRANTED. The court hereby VACATES its Order of September 26, 2005, and DIRECTS the Clerk to return this case to the active docket of the court.

### I.  Standard of Review

Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are generally denied. See Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994). However, courts

interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Parties are not permitted to raise arguments under Rule 59(e) that could have been raised prior to the entry of judgment. See Rouse, 851 F. Supp. at 734.

## II. Analysis

The court's September 26, 2005, Order was premised on the choice of forum clause being separable from the remainder of the "Gulf Stream Coach, Inc. Limited Warranty" (hereinafter "Limited Warranty") document. (See Docket No. 10 at 11-12.) This was important because if the choice of forum clause was separable, whether or not it was conscionable was to be determined under its own terms. If the clause had to remain tied to the remainder of the document, the thrust of plaintiffs' argument – that the agreement was unconscionable because its choice of law provisions calling for the application of law – is correct, and the inclusion of the choice of law provision renders the document in its entirety unconscionable.

In their motion, plaintiffs argue that the court's earlier decision is premised on a misunderstanding of plaintiffs' arguments and misstatement of the underlying facts. (See, e.g.,

Docket No. 43 at 1-2.) Having reviewed all of plaintiff's filings both before and after the court's previous Order, the court does not find that it misunderstood plaintiffs' arguments in the least. For what its worth, as it did before reaching its earlier decision, the court finds that plaintiffs' arguments, and similarly defendant's, are supremely unhelpful in outlining any relevant, controlling law in this case.

In recent years, there has been a trend toward applying choice of forum clauses in contracts, even in situations where their application is detrimental to a party who did not freely negotiate them. See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (upholding choice of forum clause appearing on the contract page associated with a ticket). In Carnival Cruise Lines, the Supreme Court applies a test looking to "fundamental fairness" in the evaluation of choice of forum clauses, and indicates, in part, that the provision was valid because it did not spring from a bad-faith motive on the part of the cruise line. See id. at 595.

Under federal law and particularly in the context of commercial transactions, courts increasingly apply choice of forum provisions as written under the implicit assumption that parties read documents that they sign including forum selection clauses. See Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th

-3-

Cir. 1996); cf. Mead v. Future Med. Publ., Inc., 1999 U.S. Dist. LEXIS 6720 (M.D.N.C. Feb. 22, 1999).

However, regarding forum selection clauses, when only the clause itself is at issue and, as here, parties do not aver any sort of direct fraud, the only way to show that a clause itself is unconscionable is through a showing that the costs of litigating in the forum selected in the clause are prohibitive given the subject matter of the litigation. This is inferred in Carnival Cruise Lines; this is also inferred in the West Virginia case of State ex rel. Dunlap v. Berger, 211 W. Va. 549, 566-67, 567 S.E.2d 265, 282-83 (2002), which this court relied upon in its September 26 Memorandum Opinion and Order (see Docket No. 37 at 6.) Because the court found that plaintiffs had made no showing that the costs of litigation in Indiana were unfair in the context of this litigation, the court found that the forum selection clause was not unconscionable and applied it as written. (See generally Docket No. 37.)

In its narrow reading of Dunlap, in essence one where the court separated the choice of forum clause from other provisions of the document from which it came, the court failed to follow Dunlap in its entirety. Dunlap cautions against the trimming of unconscionable provisions in arbitration agreements, and, by inference, agreements containing forum selection clauses. See 211 W. Va. at 567, 567 S.E.2d at 283. Because the "Limited

-4-

Warranty" document contains provisions that, among other things, apply for non-West Virginian, and distinctly non-consumer-favoring law, that are exculpatory in the sense that they are unconscionable as described in Dunlap, West Virginia law, as outlined by the state's Supreme Court of Appeals, directs the court to throw the Limited Warranty document in its entirety.

Having found the choice of forum clause invalid under West Virginia law, the court must then reassess the balancing it conducted prior to its decision transferring this case to Indiana. Even when faced with a valid forum selection clause, a court adjudicating a motion to change venue under 28 U.S.C. § 1404(a) must consider other factors, such as the convenience of the parties and their witnesses, systemic integrity, and fairness, and must render a decision that strikes a balance among these considerations. Brock v. Entre Computer Ctrs., 933 F.2d 1253, 1257-58 (4th Cir. 1991) (applying Stewart Org. v. Ricoh Corp., 486 U.S. 22, 29, 31 (1988)). The court must give the forum selection clause "neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress [has] provided in § 1404(a)." Id. at 1258 (quoting Stewart, 487 U.S. at 31). Other factors commonly considered in ruling on a motion to transfer include:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the

>availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

See <u>Alpha Welding & Fabricating, Inc. v. Heller</u>, 837 F. Supp. 172, 175 (S.D. W. Va. 1993).

These factors, now excluding the forum selection clause, weigh against transfer.

The first factor, access to sources of proof, appears to favor neither West Virginia nor Indiana. The major question plaintiffs raise is whether there was a manufacturing defect in their vehicle that led to fire when it was parked in Naples, Florida. The vehicle was manufactured in Indiana. The vehicle was sold by a West Virginia dealer to West Virginia residents.

Regarding the second and third factors, West Virginia is probably slightly favored. By sheer number, more witnesses come from West Virginia than from Indiana.[1] Seven witnesses expected to testify at trial are from West Virginia, eleven are from Florida, two are from New York, one is from Michigan, and three are from Indiana. Insofar as anything can be inferred from sheer numbers, West Virginia is slightly more favorable as a forum than is Indiana.

---

[1] Although none of the parties discussed this criteria in their briefs, this information was before the court at the time of its earlier decision in the form of disclosures under Rule 26(a)(1).

-6-

As before, there is no information before the court regarding the fourth factor.

Regarding the fifth factor, the possibility of a view by a jury, in either case, juries in either location would probably view this case similarly. However, this factor may weigh slightly in favor of West Virginia as a forum.

Where the balance changes in this case is regarding the sixth and seventh factors. This case has its roots in West Virginia in a dispute arising under West Virginia law. Plaintiffs' choice of forum is ordinarily given great weight, see Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508-09 (1947). While plaintiffs' signed an agreement ostensibly giving up their right to West Virginia as a forum, this agreement is invalid under West Virginia law because of certain exculpatory provisions included in it. Such, the sixth factor weighs in favor of West Virginia.

Finally, the seventh factor – the interests of justice – also appears to weigh in favor of West Virginia as a forum for this lawsuit. When individual consumers sue companies, they have a right to do so where their contact occurred. In this case, that was West Virginia.

Applying all of these factors, one, at most, favors Indiana as a forum. As such, the court's previous Order transferring this case appears ill-advised. Because the court finds that its

-7-

misapplication of West Virginia law occasioned the transfer of this case to Indiana, the court hereby orders that its September 26, 2005 Memorandum Opinion and Order transferring this case to the Northern District of Indiana be vacated.

### III.  Conclusion

The Clerk is directed to forward a certified copy of this written opinion and order to all counsel of record.  Further, the Clerk is directed to send a copy of this Memorandum Opinion and Order to the District Court for the Northern District of Indiana, South Bend Division.

It is **SO ORDERED** this 9th day of January, 2006.

ENTER:

/s/ Other Court Judge

David A. Faber
United States District Judge



A TRUE COPY CERTIFIED ON

JAN - 9 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By_____ Deputy