UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TED J. JOHNSON and<br>CAROLYN J. JOHNSON,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>FORD MOTOR COMPANY,<br>a foreign corporation, GULF<br>STREAM COACH, INC. an Indiana<br>Corporation, and BURDETTE<br>CAMPING CENTER, INC., a West<br>Virginia Corporation<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)　CAUSE NO. 3:05-CV-618 RM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the court is a unique case presented under § 1404(a). Because decision rests largely on what happened when, the procedural posture is particularly important. The case began on December 17, 2004, when the plaintiffs filed a complaint for equitable relief and monetary damages in the Southern District of West Virginia, alleging various violations of the West Virginia Consumer Credit and Protection Act, the Uniform Commercial Code, the Magnuson-Moss Warranty Act, and West Virginia state law theories of liability. On February 8, 2005, Gulf Stream filed a motion to dismiss pursuant to 28 U.S.C. § 1406(a) and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, in the alternative, transfer the action to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a).

On September 26, the Chief Judge David Faber of the Southern District of West Virginia granted Gulf Stream's request that the matter be transferred under

§ 1404(a); the Clerk of the Court for the Northern District of Indiana received the hard copy of the file and a certified copy of the docket on September 29. The clerk created a case number for the transferred case on September 29, assigned the case to this judge, and created an electronic docket (via CM/ECF) on October 4.

On October 11, the plaintiffs filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) in the Southern District of West Virginia only. Two weeks later, Gulf Stream filed its response to the motion (by way of its West Virginia attorneys in the Southern District of West Virginia only) and a notice of appearance (by way of its Indiana attorneys in the Northern District of Indiana only). While the plaintiffs filed their reply on November 7 (again, only in the Southern District of West Virginia), they participated in discovery and jointly-requested certain discovery extensions from the Northern District of Indiana District Court (again, without reference of these actions by either party in the Southern District of West Virginia).

On January 9, 2006, Chief Judge Faber issued an order granting the plaintiffs' Rule 59(e) motion and vacating the September 26 order, along with an order to the Clerk of the Court for the Southern District of West Virginia to reinstate the case onto its active docket. On January 11, defendants Gulf Stream and Ford Motor Co. (who joined the motion on January 13) moved for an expedited status conference in the Northern District of Indiana only. On January 20, the plaintiffs mailed a motion to the Northern District of Indiana requesting the Indiana case be stayed and retransferred to the Southern District of West Virginia,

2

and moved for an expedited status conference in the Southern District of West Virginia only, with no reference of its motion to retransfer.

On February 10, the court held a status conference in Indiana and entertained arguments on the plaintiffs' motion to stay and retransfer. When asked by the court at the hearing, both parties agreed that there is, and always has been, a single ongoing case (implying that either this court's ongoing docket or the West Virginia District court's ongoing docket is improper). The plaintiffs asserted the case started in West Virginia, came to Indiana via the September 26 transfer order, and then returned to West Virginia via the January 9 order vacating the original transfer (thereby revoking this court's jurisdiction over the case). The defendants argued the case began in West Virginia, transferred to Indiana on September 29, the date this court asserted jurisdiction over it, and remains here regardless of the January 9 order. The court agrees that there can be but one ongoing case arising from the plaintiffs' complaint; its existence on two different court's dockets is troubling and requires immediate resolution.[1]

Resolution begins with the status of the plaintiffs' Rule 59(e) motion to amend or alter judgment filed with the Southern District of West Virginia on October 11. A review of the respective dockets leave no question that before the

---

[1] Neither party seems to have acted in accordance with the proposition that there is only one case. Attorneys for both the plaintiffs and the defendants filed (or mailed) documents with an individual court—sometimes on the same day—and did so without reference to their omitted filings or actions to the other court. Though both sides cite excessive litigation costs as a reason for quick resolution of the status of the case, these omissions compounded the complexity of this already vexing case.

plaintiffs filed that motion, the Northern District of Indiana had received the physical file, issued it a case number, assigned it a judge, and created an electronic docket. The law controlling this issue seems to be the same in the Fourth and Seventh Circuits: a transferor court loses jurisdiction over a case that has been physically transferred to and received by a transferee court that asserts jurisdiction over it. *Compare* Wilson-Cook Med. Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir. 1991) ("jurisdiction is not conveyed from the transferor court to the transferee court [under § 1404(a)] until the record is physically transferred to the transferee court."), TechnoSteel, LLC v. Beers Constr. Co., 271 F.3d 151, 157 (4th Cir. 2001) ("transfer of jurisdiction is normally considered complete when the file is received by the transferee district court"), and In re CareFirst of Maryland Inc., 305 F.3d 253, 262 n.6 (4th Cir. 2002) (affirming the application of Wilson-Cook, while acknowledging the exception found in TechnoSteel to immediate appealable orders) *with* Robins v. Pocket Beverage Co., Inc., 779 F.2d 351, 356 (7th Cir. 1985) (articulating four factors that must be present for a district court to reconsider a transfer order — (1) the original transfer order was not intended to be effective instantly; (2) the transferee court had not yet attempted to assert jurisdiction; (3) neither party sought to persuade the transferee court to exercise jurisdiction; and (4) the physical record had not been forwarded); *see also* Jones v. Infocure Corp., 310 F.3d 529, 533-534 (7th Cir. 2002) (tacitly approving the rule that a § 1404(a) transfer "ends the jurisdiction of both the transferor court and the corresponding

4

appellate court at the moment when the motion has been implemented and the case has been docketed by the transferee court.").

In light of such clear case law, it would seem that on September 29, the Southern District of West Virginia lost jurisdiction to entertain the Rule 59(e) motion, and the motion should have been filed in Northern Indiana.

The plaintiffs cite Chamberlain v. US Bancorp Cash Balance Ret. Plan, No. 04-CV-0841, 2005 WL 2757921 (S.D. Ill October 25, 2005), to persuade the court to impose a new standard for transfer of jurisdiction in this age of electronic filing and file transfer, but Chamberlain doesn't speak to the same circumstances. In Chamberlain, the transferee court transferred the case file electronically, and the transferor court had not attempted to assert jurisdiction over the case. Chamberlain v. US Bancorp, 2005 WL 2757921 at *2. Here, the Clerk of the Court for the Northern District of Indiana received a one and a quarter volume case file, issued it a case number, assigned a presiding judge, scanned in relevant documents, and created an electronic docket sheet a week before the plaintiffs filed their Rule 59(e) motion with the Southern District of West Virginia. There may be cases in which the potentially dizzying speed of an electronic file transfer requires revisiting cases that contemplated shipment of flat files, but this is not such a case: this case involved shipment of the flat files, and nothing renders the established case law outdated.

Consequently, the Southern District of West Virginia had no jurisdiction to entertain the Rule 59(e) motion by the time the plaintiffs filed it on October 11. The plaintiffs filed the motion in the wrong court.

Unfortunately, as best this court can tell (and recognizing that the reconsideration proceedings all occurred in West Virginia without appearing on the Indiana docket), none of the attorneys informed Chief Judge Faber of the existence of any jurisdictional issue. Their briefing addressed the propriety of a Rule 59(e) motion directed to something other than a judgment and whether the original order was right — but contained no hint that jurisdictionally this was no longer Chief Judge Faber's case, or that no case remained in West Virginia in which the plaintiffs might move for reconsideration. For all one can tell from reading the briefs,[2] the parties agreed the motion was in the proper venue and before the proper judge.

Unadvised of any such issue, Chief Judge Faber addressed the merits of the reconsideration motion and granted it. Given the conclusion that jurisdiction over the case already had moved to Indiana before the reconsideration motion was even filed, no basis exists to hold that Chief Judge Faber had jurisdiction to make that ruling. This judge is loath to find that the considered views of his colleagues are nullities, but no other view of the Southern District of West Virginia's January 9 order attempting to vacate the transfer is possible.

---

[2] At the February 10 hearing, the court directed the parties to file their briefs in the Northern Indiana docket.

Issues remain. The plaintiffs have filed a motion to stay and retransfer, which the parties were ordered to brief (by this court's January 30 order), and were presented the opportunity to argue on February 10. The plaintiffs haven't explicitly identified a rule or law by which they seek the case's retransfer, so the court presumes the traditional statute governing such transfers applies: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The plaintiffs' arguments to retransfer the case (in their briefs and at the hearing) stem from Chief Judge Faber's January 9 order and subsequent actions to move the case along on his docket. The defendants argue against retransfer because the "law of the case" doctrine prevents this court from readdressing the September 26 transfer order at all. The court declines to transfer the case back to West Virginia, but not for the defendants' reasons.

The defendants overstate the "law of the case" doctrine — that "doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power." Trustees of Indiana Univ. v. AETNA Cas. & Sur. Co., 920 F.2d 429, 435 (7th Cir. 1990) (quotations and citations omitted), *rev'd on other grounds by* Watson v. Amedco Steel, Inc., 29 F.3d 274 (7th Cir. 1994). So the September 26 transfer order does not bind the court as completely as the defendants argue. Still, there must be adequate grounds to revisit the issue. An order transferring a case under § 1404(a) requires a degree of deference

7

greater than would be due another type of order lest the parties find themselves in a judicial tennis match with judges disagreeing over which forum is more appropriate under the statute. Resolution of today's case, though, doesn't require definition of just how much deference is appropriate.

Section 1404(a) neither prescribes a time frame under which a party may move for transfer nor prohibits successive motions when appropriate. The plaintiffs' sole argument to revisit rests with the January 9 order vacating the transfer, but as already explained, that order is a nullity. Without the January 9 order, the court is presented with no reason to transfer the case back to the Southern District of West Virginia. Perhaps discovery will disclose facts not considered by the September 26 transfer order, and the plaintiffs might choose to file another motion under § 1404(a). For now, it is enough that the plaintiffs have provided inadequate reasons to grant the relief they request.

For the foregoing reasons, the court DENIES the plaintiff's motion to re-transfer [Doc. No. 30]. Magistrate Judge Nuechterlein will re-set the scheduling conference.

SO ORDERED.

ENTERED: <u>February 16, 2006</u>

<u>/s/ Robert L. Miller, Jr.</u>  
Chief Judge  
United States District Court

cc:   Chief Judge Faber, Southern District of WV  
      Magistrate Judge Nuechterlein  
      Counsel of record